## CLARK v. LANGWORTHY.

Where in a suit in chancery to enforce the specific performance of an agreement as follows: "The state of Iowa, July, 1853. Be it remembered that Lucius H. Langworthy, of the city of Dubuque, and Lincoln Clark, of the same place, do hereby covenant and agree with each other, as follows, to wit: The said Langworthy sells to said Clark, the south half of his lot on the bluff at the head of Main street in said city, and bounded on the east, by lot No. 677, and on the west by lot No. 678; for which the said Clark is to pay the said Langworthy the sum of one thousand dollars, when an act of Congress shall be passed, confirming the title to said lot, either in the said Langworthy, or in the corporate authority of said city, of whom the said Longworthy purchased; *provided*, the said act shall be passed during the session of Congress next ensuing. Upon the payment of the aforesaid sum of money, the said Langworthy is to make to the said Clark, a good fee simple title to the piece of land hereby intended to be conveyed, free from all incumbrances, and with the usual covenants of warranty. And the said Langworthy and Clark, mutually agree, each with the other, to make a public street through the middle of said lot, from east to west; the said Langworthy giving thirty feet off the south side of the north half of said lot; and the said Clark giving thirty feet off the north side of the south half thereof. Each party hereby promises to the other faithfully to perform;" the bill alleged, that the parties first made a verbal contract, according to which respondent was to make a warranty deed; that respondent purchased the lot from the city of Dubuque, and took such title as it had, without warranty; that a few days after making the verbal contract, the respondent came to the complainant, for the purpose of giving the deed, and receiving his money; that he brought with him his deed from the city, and then for the first time, *seemed* to have discovered that it was not a warranty deed; that he desired the complainant to accept a similar one to that which he had, which the complainant was unwilling to do, and as a consequence, the agreement was modified, and the written agreement substituted for the oral one; that the parties were to exert themselves to procure the passage of an act of Congress, respecting the title; that complainant did so exert himself, but that the respondent interposed to prevent the passage of said act at and during the session of Congress aforesaid; that real estate in said city, including the premises in controversy, had, since the making of the contract greatly appreciated in value; and that for this rea-

son, the respondent had refused to convey, and had before the expiration of the session of Congress alluded to, laid off the premises into smaller lots, and was offering them for sale; and where the answer of the respondent, admitted the making of the written contract, the tender of the purchase money, the demand for a deed, and the laying of the premises into lots; but denied the previous verbal contract, and also any interposition to prevent the passage of the act of Congress, and averred that the only agreement ever entered into was that above recited, which was to be void, if the said act of Congress should not pass at the then next session of Congress, and that the failure of Congress to pass said act, released him from any liability to convey the premises; and where it appeared that the session of Congress next ensuing the making of the agreement, terminated in September, 1854, but no act was passed confirming the title to the premises, either in the city of Dubuque or the respondent; and where the charge of interposition by the respondent, to prevent the passage of the act by Congress, was supported by a single witness; *Held*, 1. That the proviso in the contract, referred to the contract of sale, and made the agreement mean, that if the act of Congress did not pass at the session next ensuing after the execution of the same, the contract was to be at an end. 2. That the contract could not be enforced against the complainant, and that he could not enforce it against the respondent. 3. That there being but a single witness against the denial of the answer, the charge that the respondent interfered to prevent the passage of the act by Congress, was not sustained.

The denials in an answer in chancery responsive to the bill, cannot be overcome by the testimony of a single witness.

*Appeal from the Dubuque District Court.*

THIS is a suit in chancery, brought by complainant, to enforce a specific performance of the following agreement: "The state of Iowa, July, 1853. Be it remembered, that Lucius H. Langworthy, of the city of Dubuque, and Lincoln Clark of the same place, do hereby covenant and agree with each other as follows, to wit: The said Langworthy sells to said Clark, the south half of his lot on the bluff at the head of Main street, in said city, and bounded on the east by lot No. 677, and on the west by lot No. 678, for which the said Clark is to pay to the said Langworthy, the sum of one thousand dollars, when an act of Congress shall be passed confirming the title to said lot, either in the said Langworthy or in the corporate authority of the said city, of whom the said Langworthy purchased; *provided* the said act shall be passed during the session of Congress next ensuing. Upon the pay-

ment of the aforesaid sum of money, the said Langworthy, is to make to the said Clark, a good fee simple title to the piece of land hereby intended to be conveyed, free from all incumbrances, and with the usual covenants of warranty; and the said Langworthy and Clark, mutually agree, each with the other, to make a public street through the middle of said lot from east to west, the said Langworthy giving thirty feet off the south side of the north half of said lot, and the said Clark giving thirty feet off the north side of the south half thereof; each party hereby promises to the other, faithfully to perform. L. H. Langworthy, Lincoln Clark. Test, F. E. Bissell."

The bill alleges, that the parties first made a verbal contract, according to which, defendant was to make a *warranty* deed. It also averred, that defendant purchased from the city of Dubuque, and took such title as it had, without warranty; that a few days after making the verbal contract, defendant came to the plaintiff, for the purpose of giving the deed, and receiving his money; that he brought with him his deed from the city, and then for the first time, *seemed* to have discovered that it was not a warranty deed; that defendant then desired plaintiff to accept a similar one to that which he had, which plaintiff was unwilling to do, and as a consequence, the agreement was modified, and the foregoing written one was substituted for the preceding oral one. The petition also avers, that the parties were to exert themselves to procure the passage of the act of Congress, respecting title; that plaintiff did so exert himself, but that defendant interposed to prevent the passage of said act, at and during the session of Congress aforesaid; and also, that real estate in the said city, including the premises in controversy, has since the making of said contract, greatly appreciated in value; and for this reason, defendant had refused to convey, and had, before the expiration of the session of Congress alluded to, laid off the premises into smaller lots, and was offering them for sale.

The answer admits of the making of the written contract; the tender of the purchase money by plaintiff; and the lay-

ing off the premises into lots, and the demand for a deed ; but denies the previous verbal contract as alleged in the bill, as also any interposition to prevent the passage of the act; and avers, that the only agreement ever entered into, was the written one of July, 1853 ; that by the terms of which, as he claims, his agreement to convey was to be void, if the said act of Congress should not pass at their next session, and he therefore insists, that the failure of Congress to pass said act, released him from any liability to convey the premises ; and that since the adjournment of said session, the said contract has not been binding upon either party.    The session of Congress next ensuing the date of the agreement, terminated in September, 1854, but no act was passed confirming this title, either in the city or said defendant.    The charge of interposition by defendant, to prevent the passage of the act, is supported by the testimony of one witness.    Such being the issue and proof, the court below decreed in favor of plaintiff, requiring defendant to make a warranty deed, and from this decree, he appeals.

*Wiltze & Blatchly*, for the appellant.

*Smith, McKinlay & Poor*, for the appellees.

WOODWARD, J.—Whether the decree of the court below can be sustained, we think must alone depend upon the construction to be given to the written agreement.    The complainant claims, that the proviso therein contained, relates alone to *the time of payment*, and that the true meaning of the language used, is that he bought the lot, and was to have credit for the purchase money, until the act of Congress passed; and that if the act did not pass at that session, he was to pay at all events on the adjournment, and was then entitled to a deed.    On the other hand, the respondent claims, that the proviso refers to the *contract of sale* in its effect, making the agreement to mean, that if the act did not pass at that session, the contract was at an end.    And while we have had some difficulty in arriving at a satisfactory conclusion, in construing

Clark v. Langworthy.

the instrument, we have finally determined that the proper construction is that claimed by respondent. It appears to us, that the view taken by complainant, would give the proviso little or no meaning, and would take away all force justly due to the reference made to the *passage of the act.* This construction would make that event of no consequence in the contract, leaving it, (the contract,) to mean simply, that the complainant was to have until the end of next session to make payment. It is true, that the form of the contract is that of a sale from respondent to complainant of these premises sought to be recovered. But granting this, let us apply a test to aid us in the construction. *No act having passed,* could respondent compel a performance against complainant? We think clearly not, and that complainant might well answer to a suit brought for the purchase money, that he agreed and undertook to pay at the time of *the passage of the act, provided* one did pass, confirming the title; and that as none was enacted within the time limited, he was, therefore, no longer bound. But we ask, again, is the reference to the act of Congress of no meaning in the negotiation, or has it some force? We may be aided in further answering this question, by a brief reference to the circumstances preceding the making of the written agreement, as detailed in complainant's bill. It appears that respondent obtained title from the city of Dubuque, and then, when the parties met, it was ascertained that he could not make a warranty deed, as had been previously agreed upon by their verbal contract. Respondent on discovering this, desired complainant to accept the same kind of a deed as he had from the city, but this complainant refused; and they, therefore, made the written contract. Under such circumstances, how can it be claimed that the passage of the act was of no consequence, or that it was referred to as a mere indifferent event? Respondent was unwilling to warrant the title, as it then stood, and complainant was unwilling to take it without. There was evidently doubt as to the title, and it was deemed important to have it confirmed by the action of Congress. Did not complainant, therefore, buy upon the condi-

tion of such confirmation? And why did respondent refuse to give a warranty deed, as the title then stood, and at the same time undertake to thus convey, though no confirming act should be passed, and though the title might be of the same character, and no better than it then was? It would certainly seem inconsistent to suppose that respondent would agree to make a warranty title, when it is shown that he had not, and that he *knew* he had not, such an one, and especially so, when we superadd the fact, that both parties acted upon the supposition that the Congressional act of confirmation, was necessary to perfect his title. But, on the contrary, it does seem to be consistent to say, that the very character of the title, as it then stood, was a strong reason why the performance of the contract on the part of the respondent, was made dependent upon the passage of the act?

We conclude, therefore, that the *passage of the act* was not an indifferent event in this contract, and that it was upon the condition that this act was passed, within the time designated, that respondent was bound to convey the lot. We are also of the opinion, that this contract could not be enforced against complainant, and that, therefore, he cannot enforce it against respondent.

The charge in this bill, that respondent interposed to prevent the passage of the act of Congress, is denied in the answer, and is unsustained, except by the testimony of one witness. We need hardly say, that this part of the bill is not legally supported. The denial in the answer cannot be overcome by the testimony of a single witness.

Decree reversed.